## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

CASE NO.   5:16-cv-290-Oc-40 PRL

STACEY HART,

      Plaintiff,

v.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

      Defendant.

_____/

## COMPLAINT AND TRIAL BY JURY DEMAND

### NATURE OF ACTION

1.     This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff Stacy Hart ("Plaintiff") is a natural person who at all relevant times resided in the State of Florida, County of Lake, and City of Umatilla.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant AllianceOne Receivables Management, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9.    Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

10.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11.    In connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone on September 24, 2015 and left a voicemail message.

12.     In connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone on October 15, 2015 and left a voicemail message.

13.     Both voicemail messages stated: "This is a message for Stacey Hart, Stacey—"

14.     The above quote consists of the entire message, as after what is quoted there is a period of silence before the message terminates.

15.     Defendant's September 24, 2015 and October 15, 2015 voicemail messages failed to notify Plaintiff that the communication was from a debt collector.

16.     Defendant's September 24, 2015 and October 15, 2015 voicemail messages failed to meaningfully disclose Defendant's identity.

17.     Upon information and belief, the voicemail messages were left using a prerecorded voice.

18.     Upon information and belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

19.     Defendant did not place any telephone calls to Plaintiff for emergency purposes.

20.     Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

21.     Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

22.     Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

23.     Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system and/or a prerecorded voice to place each of the telephone calls identified above.

24.     Upon information and belief, Defendant intended to use an automatic telephone dialing system and/or a prerecorded voice to place each of the telephone calls identified above.

25.     Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692d(6)**

26.     Plaintiff repeats and re-alleges each and every factual allegation above.

27.     Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

28.   Plaintiff repeats and re-alleges each and every factual allegation above.

29.   Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each communication that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

a) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

30.   Plaintiff repeats and re-alleges each and every factual allegation above.

31.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

32.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 18, 2016.                    Respectfully submitted,

                                          s/ Alex D. Weisberg
                                          Alex D. Weisberg
                                          FBN: 0566551

6

Weisberg Consumer Law Group, PA
Attorney for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com